# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3981

———————

United States of America,

            Appellee,

v.

Agustine Rangel-Arteaga, also known
as Adolpho Rangel-Arteaga,

            Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Southern District of Iowa.
\*
\* [UNPUBLISHED]
\*
\*

———————

Submitted: October 7, 2004
Filed: October 14, 2004

———————

Before MURPHY, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

Agustine Rangel-Arteaga pleaded guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2, and stipulated that he faced a statutory mandatory minimum prison term of 20 years because he had a prior felony drug conviction. After the government decided not to seek a substantial-assistance downward departure, Rangel-Arteaga moved to withdraw his guilty plea. The district court[1] denied his motion, and later sentenced

—————————

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

him to 240 months imprisonment and 10 years supervised release. Rangel-Arteaga appeals, and in a brief pursuant to Anders v. California, 386 U.S. 738 (1967), he challenges the denial of his motion to withdraw his guilty plea.

As part of his written plea agreement, Rangel-Arteaga promised not to appeal or to seek postconviction review under 28 U.S.C. § 2255. As to direct review, he waived "any and all rights to appeal [his] conviction in this case, including a waiver of all motions, defenses and objections which [he] could assert to the charges or to the Court's entry of Judgment against [him], including review pursuant to 18 U.S.C. § 3742 of any sentence imposed and any and all issues inhering therein," with two exceptions: (1) he could challenge his conviction and sentence if the Eighth Circuit or Supreme Court later found that the substantive basis of his plea failed to state a crime; and (2) he could appeal if the sentencing court agreed that further review of a legal issue raised at sentencing was needed. With the services of an interpreter, Rangel-Arteaga also signed a pre-plea statement which reiterated that his decision to plead guilty was knowing and voluntary, and reiterated that he was waiving his right to appeal. The appeal waiver was discussed at the change-of-plea hearing, and the court received Rangel-Arteaga's assurance that he had read his plea agreement with the assistance of an interpreter, and that he understood its key provisions.

The record in this case demonstrates that Rangel-Arteaga's plea and plea agreement were voluntary and he understood he was waiving his appellate rights, that his sentence is consistent with the plea agreement, and that no miscarriage of justice would result from enforcing the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir.) (en banc), cert. denied, 124 S. Ct. 501 (2003). We have reviewed the entire record independently under Penson v. Ohio, 488 U.S. 75 (1988), and we find no nonfrivolous issues not covered by the waiver.

Accordingly, we enforce the appeal waiver and dismiss the appeal.

_____